IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAN L. BOGER, *on behalf of himself and others similarly situated*, ) ) ) ) Plaintiff, ) ) v. ) ) CITRIX SYSTEMS, INC., ) ) Defendant. ) ) | Civil Action No. 19-cv-01234-LKG<br><br>Date:  January 31, 2023 |

MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**I.   INTRODUCTION**

Plaintiff, Dan L. Borger, brings an unopposed motion for preliminary approval of class action settlement to settle certain claims on behalf of himself, and a potential class of similarly situated individuals, against Defendant, Citrix Systems, Inc.  ECF No. 56.  The proposed settlement agreement and release (the "Settlement Agreement") resolve alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Maryland Telephone Consumer Protection Act ("MTCPA"), Md. Code Ann. Com. Law S 14-3201.  ECF No. 56-1.  No hearing is necessary to resolve this motion.  *See* L. R. 105.6 (D. Md. 2021).

For the reasons that follow, the Court **GRANTS** Plaintiff's motion for preliminary approval of class action settlement.

**II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

    **A.   Factual Background**

<u>The Plaintiff's Claims</u>

---

[1] The facts recited herein are taken from the complaint and Plaintiff's Motion for Preliminary Approval of Class Action Settlement.  Unless otherwise stated, the facts recited herein are undisputed.

This civil action involves alleged violations of the TCPA, which prohibits, among other things, initiating a telephone call using an automated dialing system to telephone numbers assigned to a cellular telephone service; making any call for telemarketing purposes to any residential subscriber on the National Do Not Call Registry; and making any call for telemarketing purposes to any residential or wireless telephone subscriber, unless the caller has implemented the required minimum procedures for maintaining a list of persons who do not want to receive calls made by or on behalf of such person or entity. *See* 47 U.S.C. § 227(b)(1) and (c).[2]

Plaintiff, Dan L. Boger, is an individual residing in Maryland who received five solicitation calls from Defendant to his cellular telephone number, despite previously placing his number on the National Do Not Call Registry. ECF No. 56 at 2. In this putative class action, Plaintiff alleges that that Defendant violated the TCPA by, among other things, placing unsolicited telemarketing calls to him and to the members of the putative class on residential and cellular telephone numbers. *Id.* at 3.

Plaintiff commenced this putative class action on April 26, 2019. ECF No. 1. Thereafter, the parties engaged in informal discovery, and they participated in a mediation on April 26, 2022, with Judge Jay Gandhi (Ret.). ECF No. 56 at 3. The Parties did not reach a settlement at that time. *Id.* And so, the parties engaged in further discovery over several months. *Id.* On or about November 17, 2022, the Parties tentatively agreed to a potential settlement (the "Settlement") of this case. *Id.*

The Settlement Agreement

The proposed Settlement would establish a "Settlement Class" defined as follows:

> All persons or entities within the United States to whom Defendant or a third party acting on its behalf: (a) made one or more telephone calls to their cellular telephone number; (b) made two or more telephone calls while the call recipient's number was on the National Do Not Call Registry; and/or (c) made one or more calls after asking Defendant or a third party acting on Defendant's behalf to stop calling.

---

[2] Plaintiff also alleges a claim under the Maryland Telephone Consumer Protection Act, Md. Code Ann. Com. Law §§ 14-3201, *et seq.*

Settlement Agreement at ¶ 1.29.  The key provisions of the Settlement Agreement are summarized below.

First, the proposed Settlement Agreement would establish a non-reversionary $2,750,000 Settlement Fund (the "Settlement Fund"), which will exclusively be used to pay: (1) cash settlement awards to settlement class members; (2) settlement administration expenses; (3) court-approved attorneys' fees of up to one-third of the total amount of the Settlement Fund; (4) Plaintiff's out-of-pocket expenses not to exceed $60,000; and (5) a Court-approved service payment to the Plaintiff of up to $10,000.  ECF No. 56 at 5.

The Settlement Agreement also provides that each settlement class member whose telephone number is on the Class List and who submits a timely and valid claim form shall be entitled to receive an equal *pro rata* amount of the Settlement Fund, after all settlement administrative expenses, service payment, and fees, costs, and expenses awards are paid out of the Settlement Fund.  Settlement Agreement at ¶ 3.2.1.[3]  If approved by the Court, the Plaintiff will receive a service payment of $10,000 from the Settlement Fund (the "Class Representative Service Payment").  *Id.* at ¶ 2.1.3.

Second, the Settlement Agreement provides that, upon preliminary approval, Plaintiff's counsel will apply to the Court for a fees, costs, and expenses award in the amount of up to one-third of the total amount of the Settlement Fund, in addition to out-of-pocket expenses.  *Id.* at ¶ 2.1.4.  The Settlement Agreement further provides that any amount remaining in the Settlement Fund, after paying all authorized claimant awards, settlement administration expenses, and any fees, costs, and expenses award and service payment, will be distributed to a Court-approved *cy pres* recipient.  *Id.* at ¶¶ 3.5, 3.6, 3.8.

The Settlement Agreement further provides that all settlement administration expenses will be exclusively paid from the Settlement Fund.  In this regard, the parties propose that the nationally recognized class action administration firm A.B. Data, Ltd. be the Settlement Administrator and implement the Class Notice and administer the Settlement.  *Id.* at ¶ 1.28.  The Settlement Administrator's duties will include: (1) sending the class notice to the Settlement

---

[3] The Settlement Agreement also provides for a potential second distribution for any funds remaining due to uncashed settlement distribution checks to those Settlement Class Members that cashed their first distribution checks.  *Id.* at ¶ 3.7.

Class pursuant to the Settlement; (2) responding to inquiries regarding the settlement process from persons in the Settlement Class; (3) processing and evaluating requests for exclusion and objections; and (4) issuing Authorized claimants' individual allocated payment amounts. Specifically, the Settlement Administrator will send Postcard Notice *via* the U.S. Postal Service to the names and addresses of Settlement Class members identified as being the owners or users of the phone numbers contained on the Class List (the "Settlement Class Members"). *Id.* at ¶ 4.4.2. The Settlement Administrator will also administer a settlement website, through which Settlement Class Members will be able to obtain further details and information about the Settlement. *Id.* at ¶ 4.3. The anticipated administration costs are $509,617.90. *See* Misny Decl. at ¶ 6.

Pursuant to the opt-out and objection procedures in the Settlement Agreement, persons in the Settlement Class will have the opportunity to exclude themselves from the Settlement or to object to its approval. Settlement Agreement at ¶¶ 6.1, 6.2. In addition, the Class Notice informs Settlement Class Members that they will have an opportunity to appear and to have their objections heard by the Court at a final approval hearing. *Id.* This notice also informs Settlement Class Members that they will be bound by the release contained in the Settlement Agreement, unless they timely exercise their opt-out right. *Id.* In this regard, the release provides that:

> Released Claims. Any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Preliminary Approval Order, that arise out of or relate in any way to the Released Parties' use of any telephone, cell phone, calling or dialing software or platforms, or an "automatic telephone dialing system," or an "artificial or prerecorded voice" to contact or attempt to contact Settlement Class Members. This release expressly includes, but is not limited to, all claims under the Telephone Consumer Protection Act or any corollary state law.
> The Released Claims include any and all claims that were brought or could have been brought in the Action.

*Id.* at ¶ 1.23.; *see also id.* at ¶¶ 1.24, 1.25.

### B. Relevant Procedural History

Plaintiff commenced this putative class action on April 26, 2019. ECF No. 1. On December 14, 2022, Plaintiff filed an unopposed motion for preliminary approval of class action settlement, a memorandum in support thereof, a proposed settlement agreement and related documents. ECF Nos. 56 and 56-1.

### III. STANDARDS FOR DECISION

#### A. Preliminary Approval Of Class Action Settlement

The decision of "[w]hether to preliminarily approve a class action settlement lies within the sound discretion of the district court." *Stephens v. Farmers Rest. Grp.*, 329 F.R.D. 476, 482 (D.D.C. 2019). In this regard, courts have recognized that "there is an overriding public interest in favor of settlement, particularly in class action suits." *Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). But, when the parties are seeking class certification and settlement at the same time, the proposed settlement agreement requires closer judicial scrutiny. *Stephens*, 329 F.R.D. at 482 (internal quotations and citations omitted); *see also* Manual for Complex Litigation (Fourth) § 21.612 (2004).

In this regard, the Court's analysis of whether a proposed Rule 23 class action settlement is fair and reasonable involves a two-step process. First, the Court determines whether the settlement is "within the range of possible approval," such that there is "probable cause to notify the class members of the proposed settlement." *Starr v. Credible Behav. Health, Inc.*, No. CV 20-2986 PJM, 2021 WL 2141542, at *5 (D. Md. May 26, 2021) (quoting *Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 855 F. Supp. 825, 827 (E.D.N.C. 1994)). "At this initial stage, the Court must make 'a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms' and 'direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing.'" *Id.* (quoting Manual for Complex Litigation § 21.632)."

To determine whether it can give preliminary approval to the Settlement Agreement, the Court looks to the factors in Fed. Rule Civ. P. 23(e)(2). This Rule provides that the Court may find that a settlement is fair, reasonable, and adequate after considering whether:

>   (A) the class representatives and class counsel have adequately represented the class;
>   (B) the proposal was negotiated at arm's length;
>   (C) the relief provided for the class is adequate, taking into account:
>      (i) the costs, risks, and delay of trial and appeal;
>      (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>      (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>      (iv) any agreement required to be identified under Rule 23(e)(3); and
>   (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2)(A)-(D). And so, "[p]reliminary approval should be granted when a proposed settlement is 'within the range of possible approval,' subject to further consideration after a final fairness hearing at which interested parties have had an opportunity to object." *Shaver v. Gills Eldersburg, Inc.*, No. 14-3977-JMC, 2016 WL 1625835, at *2 (D. Md. Apr. 25, 2016) (quoting *Benway v. Res. Real Est. Servs., LLC*, No. 05-cv-3250-WMN, 2011 WL 1045597, at *4 (D. Md. Mar. 16, 2011)).

If the Court preliminarily approves the proposed settlement, the second step is a "fairness hearing to determine whether the settlement is 'fair, reasonable, and adequate' for all class members and thus should receive final approval." *Starr*, 2021 WL 2141542, at *5 (quoting § 21.634); *see Grice v. PNC Mortg. Corp. of Am.*, No. 97-cv-3084-PJM, 1998 WL 350581, at *2 (D. Md. May 21, 1998).

### B. Class Certification

To conditionally certify a class, the Court must confirm that this action comports with Rules 23(a) and (b) of the Federal Rules of Civil Procedure. *See Starr*, 2021 WL 2141542, at *3 (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619–20 (1997)); *see also Shaver*, 2016 WL 1625835, at *3 ("Where a class-wide settlement is presented for approval prior to class certification, there must also be a preliminary determination that the proposed settlement class satisfies the prerequisites set forth in Federal Rule of Civil Procedure 23(a) and at least one of the subsections of Rule 23(b)."). Rule 23(a) provides that:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>   (1) the class is so numerous that joinder of all members is impracticable;
>   (2) there are questions of law or fact common to the class;

6

>   (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>   (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

To meet the numerosity requirement under Rule 23(a), there must be a showing that the proposed class is so numerous that "joinder of all members is impractical." *Starr*, 2021 WL 2141542, at *3 (quoting Fed. R. Civ. P. 23(a)). In this regard, the United States Court of Appeals for the Fourth Circuit has held that a class with more than 30 members generally satisfies this requirement. *See id.* (citing *Williams v. Henderson*, 129 F. App'x 806, 811 (4th Cir. 2005)).

The commonality requirement is satisfied when the prospective class members share the same central facts and applicable law. *Id.* (citing *Cuthie v. Fleet Rsrv. Ass'n*, 743 F. Supp. 2d 486, 499 (D. Md. 2010)). In addition, to meet the typicality requirement, "[t]he claims need not be identical, but the claims or defenses must have arisen from the same course of conduct and must share the same legal theory." *Id.* (citing *Peoples v. Wendover Funding, Inc.*, 179 F.R.D. 492, 498 (D. Md. 1998)).

Lastly, "the adequacy-of-representation requirement centers on: (1) class counsel's competency and willingness to prosecute the action and (2) whether any conflict of interest exists between the named parties and the class they represent." *Id.* (citing *Robinson v. Fountainhead Title Grp. Corp.*, 252 F.R.D. 275, 288 (D. Md. 2008)). And so, "[r]epresentation is adequate if the [Plaintiff's] attorneys are qualified and able to prosecute the action on behalf of the class." *Id.* (citing *Cuthie*, 743 F.2d at 499).

>   Federal Rule of Civil Procedure 23(b)(3) also provides that:
>
>   A class action may be maintained if Rule 23(a) is satisfied and if: . . . . (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 26(b)(3). "Where the purported class members were subject to the same harm resulting from the defendant's conduct and the 'qualitatively overarching issue' in the case is the defendant's liability, courts generally find the predominance requirement to be satisfied." *Starr*,

2021 WL 2141542, at *4 (citing *Stillmock v. Weis Mkts., Inc.*, 385 F. App'x 267, 273 (4th Cir. 2010)).  In addition, the Court must also consider:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3)(A)-(D); *see also Shaver*, 2016 WL 1625835, at *3.

### III. ANALYSIS

In his motion for preliminary approval of class action settlement, Plaintiff requests that the Court: (1) grant preliminary approval of the Settlement; (2) provisionally certify the proposed Settlement Class; (3) appoint Plaintiff's attorneys as Class Counsel; (4) appoint Plaintiff as representative of the Settlement Class; (5) approve the proposed Notice plan and Notice; and (6) schedule the final approval hearing and related dates as proposed.  ECF No. 56.  For the reasons discussed below, the proposed Settlement Agreement comports with the requirements of Rule 23.  In addition, the proposed notices are adequate and appropriate.  And so, the Court PRELIMINARILY APPROVES the Settlement Agreement.

####     A.   Provisional Certification Of Proposed Settlement Class

The Court must first determine whether it should preliminarily certify the Rule 23 Class. For the reasons stated below, the Court CONDITIONALLY CERTIFIES the Rule 23 Class in this matter.

To conditionally certify a class, the Court must confirm that this action comports with Rule 23(a) and (b) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 23(a)-(b); *see Starr*, 2021 WL 2141542, at *3 (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619–20 (1997)); *see also Shaver*, 2016 WL 1625835, at *3 ("Where a class-wide settlement is presented for approval prior to class certification, there must also be a preliminary determination that the proposed settlement class satisfies the prerequisites set forth in Federal Rule of Civil Procedure 23(a) and at least one of the subsections of Rule 23(b).").  Rule 23(a) provides that:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The requirements of Rule 23(a) have been met in this case.

First, the numerosity requirement under Rule 23(a) is satisfied here, because the proposed settlement class consists of at least 543,354 identifiable members. *See* Misny Decl. at ¶ 10; *see also Starr*, 2021 WL 2141542, at *3 (a class with more than 30 members generally satisfies the numerosity requirement.); *Holsey v. Armour & Co.,* 743 F.2d 199, 217 (4th Cir. 1984) (there is no set minimum number of potential class members that fulfills the numerosity requirement.).

Commonality is also satisfied, because Plaintiff has shown that the proposed Settlement Class Members "have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Here, the proposed Settlement Class Members have suffered the same injury due to the Defendant, or a third party acting on its behalf, either: (1) making one or more telephone calls to their cellular telephone number; (2) making two or more telephone calls while the call recipient's number was on the National Do Not Call Registry; and/or (3) making one or more calls after asking Defendant or a third party acting on Defendant's behalf to stop calling. ECF No. 56 at 9.

Plaintiff also persuasively argues that the Class Members share common questions of law and fact including: (1) whether a telemarketing and/or an autodialed call was made to Class Members; (2) whether Defendant had express written consent to make such calls; and (3) whether Defendant's conduct was willful and knowing such that Plaintiff and the class are entitled to treble damages. *Id.*

For similar reasons, the claims or defenses of the representative parties in this matter are typical of the claims or defenses of the Class Members, so that the typicality requirement is also satisfied. *Starr*, 2021 WL 2141542, at *3 (citing *Peoples*, 179 F.R.D. at 498) ( "[T]o meet the typicality requirement, the . . . claims need not be identical, but the claims or defenses must have arisen from the same course of conduct and must share the same legal theory." ). As discussed

above, the claims of Plaintiff and the Class Members are based upon the same legal theory and these claims arise from the same course of conduct—automated telemarketing voice calls that were made to Plaintiff and the Class Members by Defendant. Given this, Plaintiff has also shown that his interests in this litigation are aligned with those of the Class Members.

The Court is also satisfied that Plaintiff and his counsel will adequately represent the proposed Class Members. "[T]he adequacy-of-representation requirement centers on: (1) class counsel's competency and willingness to prosecute the action and (2) whether any conflict of interest exists between the named parties and the class they represent." *Id.* (citing *Robinson*, 252 F.R.D. at 288). And so, "[r]epresentation is adequate if the [Plaintiff's] attorneys are qualified and able to prosecute the action on behalf of the class." *Id.*

Here, Plaintiff and the Class Members will be represented by qualified and competent Class Counsel, who have extensive experience and expertise prosecuting complex class actions including class actions bought pursuant to the TCPA. Misny Decl. at ¶¶ 11-12. Notably, Johnathan P. Misny, Esq. has more than 12 years of legal experience, and Brian K. Murphy, Esq. has more than 28 years of legal experience. *Id.* at ¶¶ 14-16. Both of these attorneys are affiliated with the law firm Murray, Murphy, Moul, & Basil, LLP, a well-established securities litigation firm that has participated in numerous class action matters. *Id*.

Class Counsel will also include Anthony I. Paronich, with the law firm of Paronich Law, P.C. *See generally* Paronich Decl. Mr. Paronich has more than 12 years of legal experience and he has been appointed as class counsel in more than 45 TCPA cases. *Id*. at ¶¶ 4, 8. Notably, these three attorneys have litigated this matter for more than three years. *Id.* at ¶ 9; Misny Decl. at ¶¶ 3, 5. And so, the adequacy requirement is satisfied in this case.

The Court is also satisfied that the requirements of Rule 23(b) have been met in this case. If Rule 23(a) is satisfied, a class action may be maintained if the Court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b). "Where the purported class members were subject to the same harm resulting from the defendant's conduct and the 'qualitatively overarching issue' in the case is the defendant's liability, courts generally find the predominance requirement to be satisfied." *Starr*, 2021 WL 2141542, at *4 (citing *Stillmock v. Weis Mkts., Inc.*, 385 F. App'x 267, 273 (4th Cir. 2010)).

In this case, Plaintiff has shown that common issues predominate. The key issues in this case are: (1) whether a telemarketing and/or voice call was made to Class Members; (2) whether Defendant had express written consent to make the calls; (3) whether Defendant's conduct was willful and knowing such that Plaintiff and the Class are entitled to treble damages; (4) whether Defendant used an automated telephone dialing system to make the calls; and (5) whether Defendant had procedures in place to avoid calling numbers listed on the National Do Not Call Registry. ECF No. 56 at 11. Given this, the controversy at the heart of this litigation is whether Defendant made calls to numbers listed on the National Do Not Call Registry without the recipient's consent. And so, any trial in this matter would focus on these common issues and the trial would not require individualized proof from Class Members, thereby satisfying the predominance requirement.

Plaintiff has also shown that a class action litigation is superior to other available methods for adjudicating this controversy. Plaintiff's counsel estimate that the average Settlement payment to each Class Member would be approximately $30.00 to $60.00. Given this, the individual claims of each Class Member would be too small to justify individual lawsuits. And so, the Court agrees with Plaintiffs that a class action would save litigation costs, by permitting the parties to assert their claims and defenses in a single proceeding. *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 426 (4th Cir. 2003) (class treatment superior where it lowers litigation costs "through the consolidation of recurring common issues").

For these reasons, the Court CONDITIONALLY CERTIFIES the Class pursuant to Rule 23.

### B.   Preliminary Approval Of Settlement

The Court must next determine whether it can grant preliminary approval of the Settlement Agreement. For the reasons set forth below, the Court PRELIMINARILY APPROVES the Settlement Agreement.

#### 1. The Proposed Settlement Agreement Is Fair

First, the Court is satisfied that the Settlement Agreement is fair. To determine whether it can give preliminary approval to the Settlement Agreement, the Court looks to the factors set forth in Fed. R. Civ. P. 23(e)(2), which provide that the Court may find that the Settlement is fair, reasonable, and adequate after considering whether:

>(A) the class representatives and class counsel have adequately represented the class;
>(B) the proposal was negotiated at arm's length;
>(C) the relief provided for the class is adequate, taking into account:
>>(i) the costs, risks, and delay of trial and appeal;
>>(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>(iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>>(iv) any agreement required to be identified under Rule 23(e)(3); and
>
>(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2)(A)-(D). In this regard, the Fourth Circuit has held that the Court specifically considers: (1) the posture of the case at the time the settlement was proposed; (2) the extent of discovery that has been conducted; (3) the circumstances surrounding negotiations; and (4) the experience of counsel in the area of class action litigation. *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 159 (4th Cir. 1991). These factors weigh in favor approving the Settlement Agreement at issue for several reasons.

First, with regards to the current posture of this case, Plaintiff commenced this action in April 2019. ECF No. 1. The parties subsequently litigated this matter for three years before they reached the proposed Settlement. *See* Misny Decl. at ¶¶ 3, 5. Given this, the parties have had sufficient opportunity to understand the issues and the evidence in this case, and to reach a well-informed settlement.

The Settlement Agreement also appears to be result of an arm's-length negotiation between experienced attorneys who are familiar with class action litigation and the specific legal and factual issues of this case. *Id.* at ¶ 5. Notably, Plaintiff and Defendant have been represented by experienced counsel during the settlement negotiations. *Id.*

The method for distributing relief to the Class Members is also fair and reasonable. The Settlement Agreement provides that the payments to eligible Class Members will be calculated and apportioned based upon a *pro rata* share of the net Settlement Fund. Settlement Agreement at ¶ 3.2.2. The Settlement Agreement also allows the eligible Class Members to elect to receive payment by either, check, PayPal, or any other electronic payment format recommended by the Settlement Administrator and agreed upon by the parties. *Id.* at ¶ 3.3. Lastly, as discussed above, Class Counsel are experienced in the litigation, certification and settlement of nationwide

TCPA class action matters. And so, for each of these reasons the Court is satisfied that the Settlement Agreement is fair.

The proposed attorneys' fee award is also reasonable, subject to further substantiation by Class Counsel's submission for final approval. The Settlement Agreement provides that, upon preliminary approval, Class Counsel will apply to the Court for a fees, costs and expenses award in the amount of up to one-third of the total amount of the Settlement Fund, in addition to out-of-pocket expenses. *Id.* at ¶ 2.1.3. The Settlement Agreement further provides that any amount remaining in the Settlement Fund, after paying all authorized claimant awards, settlement administration expenses, and any fees, costs and expenses award and service payment, will be distributed to a Court-approved *cy pres* recipient. *Id.* at ¶¶ 3.5, 3.6, 3.8. "In the Fourth Circuit, 'the percentage-of-recovery approach is not only permitted, but is the preferred approach to determine attorney's fees' in class actions." *Starr*, 2021 WL 2141542, at *5 (quoting *Savani v. URS Pro. Sols*. LLC, 121 F. Supp. 3d 564, 568 (D.S.C. 2015)). And so, the Court is satisfied that proposed attorneys' fee award here is reasonable, because "[a] request for one-third of a settlement fund is common in this circuit and generally considered reasonable." *Id*. (citing *Kirkpatrick v. Cardinal Innovations Healthcare Sols.*, 352 F. Supp. 3d 499, 505 (M.D.N.C. 2018)); *see also Phillips v. Triad Guar. Inc*., 2016 WL 2636289, at *6 (M.D.N.C. May 9, 2016) (collecting cases on percentage-of-recovery fee awards and finding that, generally, attorneys' fee awards between 25% and 33% are reasonable).

Lastly, it also appears that the proposed payment of Plaintiff's expenses and a service payment are reasonable. The Settlement Agreement provides that the Settlement Fund will be used to pay Plaintiff's out-of-pocket expenses, not to exceed $60,000, and a Court-approved service payment to the Plaintiff of up to $10,000 (the "Class Representative Service Payment"). Settlement Agreement at ¶ 2.1.3. Given Plaintiff's efforts to litigate this putative class action matter for more than three years, and that he has incurred expenses associated with brining this litigation, these payments appear to be reasonable.

### 2. The Proposed Settlement Agreement Is Adequate

The Court is also satisfied that the proposed Settlement Agreement is adequate. In determining whether a settlement is adequate, the Courts considers: (1) the relative strength of the Plaintiff's case on the merits; (2) the existence of any difficulties of proof or strong defenses

the Plaintiff is likely to encounter if the case goes to trial; (3) the anticipated duration and expense of additional litigation; (4) the solvency of the Defendant and the likelihood of recovery on a litigated judgment: and (5) the degree of opposition to the Settlement. *Jiffy Lube*, 927 F.2d at 159. In this regard, the Fourth Circuit has held that the most important factor in weighing the adequacy of a proposed settlement is the strength of the Plaintiff's claims on the merits, combined with any difficulties the Plaintiff would likely encounter if he chose to litigate on his own. *Berry v. Schulman*, 807 F.3d 600, 614 (4th Cir. 2015).

In this case, Plaintiff and his counsel maintain that the claims asserted in this case are meritorious and that Plaintiff would prevail if this matter proceeded to trial. *See* ECF No. 56 at 16; Misny Decl. at ¶ 4. But Plaintiff also acknowledges the strength of Defendant's defenses in this matter, and the other risks associated with continuing this litigation. Misny Decl. at ¶ 4.

The Court observes that currently there is no opposition to the proposed Settlement. *See* ECF No. 56. The Court also observes that the expected settlement payment for each Class Member is $30.00 to $60.00.[4] The relief provided under the Settlement Agreement is also adequate, because the Class members will be treated equitably relative to each other. The proposed Settlement Agreement would establish a non-reversionary $2,750,000 Settlement Fund, which will be exclusively used to pay, among other things, cash awards to the eligible Class members. As discussed above, the Settlement Agreement provides that the payments to eligible Class members will be calculated and apportioned based upon a pro rata share of the net Settlement Fund. Settlement Agreement at ¶ 3.2.1. The Settlement Agreement also allows the eligible Class members to elect to receive payment by either, check or electronically, PayPal, or any other electronic payment format recommended by the Settlement Administrator and agreed

---

[4] By comparison, the TCPA provides for statutory damages in the amount of $500 for each violation. 47 U.S.C. § 227 (c)(5)(B). But, as Plaintiff correctly argues in his motion, the Settlement need not represent a complete victory for Plaintiff and the Class Members to be approved by this Court. ECF No. 56 at 16; *see also Isby v. Bayh*, 75 F.3d 1191, 1200 (7th Cir. 1996) (quoting *Armstrong v. Board of Sch. Dirs.*, 616 F.2d 305, 315 (7th Cir. 1980), overruled on other grounds by Felzen v. Andreas, 134 F.3d 873 (7th Cir. 1998)) (Courts recognize that the "essence of settlement is compromise," and a settlement need not represent a complete victory for the plaintiffs for it to be approved.); National Rural Tele. Coop. v. DIRECTV, Inc., 221 F.R.D. 523, 527 (C.D. Cal. 2004) (noting that it is "well settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery").

upon by the Parties. *Id.* at ¶ 3.3. And so, the relief provided under the Settlement Agreement is adequate and equitable to the Class Members. ECF No. 56 at 5.

The Settlement Agreement reflects a reasonable compromise, that takes into account the litigation risks for both parties. And so, Plaintiff persuasively argues that the proposed Settlement is adequate, because it will provide a payment to Class Members who might otherwise not recover from Defendant.

### C. Notice

As a final matter, the proposed Notice and Notice Plan in the Settlement Agreement are also reasonable. Under Federal Rule of Civil Procedure 23, notice to class members "must clearly and concisely state in plain, easily understood language:"

> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment[.]

Fed. R. Civ. P. 23(c)(2)(B). Rule 23(e)(1) also requires the Court to "direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement. Fed. R. Civ. P. 23(e)(1); *see also* MCL 4th § 21.312; *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (The best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").

Here, the Settlement Agreement provides that the Settlement Administrator will send the Class notice *via* the U.S. Postal Service to the names and addresses of the Class Members identified as being the owners or users of the phone numbers contained on a Class List. Settlement Agreement at ¶ 4.4. This Notice informs the Class Members that they will have an opportunity to appear and have their objections heard by the Court at a final approval hearing. *See id.*, Ex. 2. The Notice also informs the Class Members that they will be bound by the release contained in the Settlement Agreement unless they timely exercise their opt-out right. *See id.*

In addition, the Notice explains the nature of this lawsuit, the terms of the Settlement Agreement, and the release of all claims under both state law and federal law. *See id.* The Settlement Administrator will also administer a settlement website, through which the Class members will be able to obtain additional information about the Settlement. *Id.* at ¶ 4.3.[5] Because the proposed forms of Notice will provide the Class Members with sufficient information to evaluate whether to participate in the Settlement, the Court is satisfied that the Notice and Notice Plan provide sufficient notice to the Settlement Class, consistent with Rule 23.

### IV.     CONCLUSION

For the foregoing reasons, the Court:

1. **GRANTS** Plaintiff's consent motion for preliminary approval of class action settlement.
2. **PRELIMINARILY CERTIFIES** the Rule 23 Class.  The Class is provisionally certified as a class of all persons within the United States to whom Defendant and/or a third party acting on its behalf: (a) made one or more telephone calls to their cellular telephone number; (b) made two or more telephone calls while the call recipient's number was on the National Do Not Call Registry; and/or (c) made one or more calls after asking Defendant to stop calling.
3. **PRELIMINARILY APPROVES** the Settlement Agreement, including the long-form notice, postcard notice, claim form, and opt-out form attached to the Settlement Agreement.

In addition, the Court:

1. **PRELIMINARILY APPROVES** Plaintiff, Dan L. Borger, as the representative of the Rule 23 Class.

---

[5] The Postcard Notice advises the Class Members of the substantive terms of the Settlement, their options for remaining part of the Settlement, for objecting to the Settlement, Class Counsel's attorneys' fee application and/or request for service award, for opting-out of the Settlement, and for submitting a claim. *See* Settlement Agreement, Ex. 3.

16

2. **PRELIMINARILY APPROVES** Johnathan P. Misny, Esq. and Brian K. Murphy, Esq., with the law firm of Murray, Murphy, Moul, & Basil, LLP, and Anthony I. Paronich, with the law firm of Paronich Law, P.C., as Class Counsel for the Class. Plaintiff and Class Counsel must fairly and adequately protect the Class' interests.

3. **PRELIMINARILY APPROVES** A.B. Data, Ltd. as the Settlement Administrator. The Settlement Administrator shall notify the Class members of the Settlement in the manner specified under Section 4 of the Settlement Agreement.

4. **PRELIMINARILY APPROVES** the Settlement Administrator's costs of claims administration in an amount not to exceed $509,617.90.

5. **AUTHORIZES** Plaintiff to mail the proposed Notice to the putative Class Members.

It is further **ORDRED** that:

1. Any Class member who has not submitted a timely written exclusion request and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, the Fees, Costs, and Expenses Award, or the Service Payment must deliver written objections to the Settlement Administrator (by postal mail or email) or the Court no later than ninety (90) calendar days after the entry of this Order. Written objections must: (a) clearly identify the case name and number; (b) include the full name and the unique identification number for the Settlement Class Member assigned by the Settlement Administrator; (c) include the address, telephone number, and email address (optional) of the objecting Settlement Class Member; (d) include the full name, address, telephone number, and email address of the objector's counsel, and the state bar(s) to which counsel is admitted (if the objector is represented by counsel); and (e) provide a detailed explanation stating the specific reasons for the objection, including any legal and factual support and any evidence in support of the objection.

2. Any Class member who timely submits a written objection, as described in this paragraph, has the option to appear at the final approval hearing, either in person or through personal counsel, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed settlement, the Service Payment, or to the Fees, Costs, and Expenses Award. However, Settlement Class Members (with or without

their attorneys) intending to make an appearance at the final approval hearing must include on a timely and valid objection a statement substantially similar to "Notice of Intention to Appear." Only Settlement Class Members who submit timely objections including notices of intention to appear may speak at the final approval hearing. If a Settlement Class Member makes an objection through an attorney, the Settlement Class Member will be responsible for his or her personal attorney's fees and costs. The objection will not be valid if it only objects to the lawsuit's appropriateness or merits.

3. Settlement Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the final approval hearing.

4. Settlement Class Members may elect not to be part of the Class and not to be bound by this Settlement Agreement. Individual requests for exclusion may be submitted to the Settlement Administrator electronically (through the Settlement Website) or by postal mail, but if submitted by postal mail, each Settlement Class Member must pay for postage. No mass opt-outs are allowed. All requests for exclusion must be in writing and must: (a) clearly identify the case name and number; (b) include the full name and the unique identification number for the Settlement Class Member assigned by the Settlement Administrator; (c) include the address, telephone number, and email address (optional) of the Settlement Class Member seeking exclusion; (d) contain a statement that the requestor does not wish to participate in the settlement; and (e) be signed personally by the Settlement Class Member. A request for exclusion must be submitted no later than ninety (90) calendar days after entry of this Order.

5. If the Settlement Agreement terminates for any reason, the following will occur: (a) class certification will be automatically vacated; (b) Plaintiff and Class Counsel will stop functioning as the class representative and class counsel, respectively, except to the extent previously appointed by the Court; and (c) this action will revert to its previous status in all respects as it existed immediately before the parties executed the Settlement Agreement, other than as to payments made to, or owed for work already incurred by, the Settlement Administrator. Neither the Settlement nor this Order will waive or otherwise impact the parties' rights or arguments.

6. All discovery and pretrial proceedings and deadlines are **STAYED** until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

7. The Court will hold a final approval hearing o**n May 10, 2023, at 2:00 pm,** to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate.  Plaintiff's motion in support of the final judgment **SHALL BE FILED** on or before **fourteen (14) calendar days** before the final approval hearing.  Any brief Citrix may choose to file shall be filed on or before **seven (7) calendar days** before the final approval hearing.

Lastly, the Court enters the following schedule for further proceedings in advance of the final approval hearing:

| | |
|---|---|
| Last day for Settlement Class Counsel to provide the Settlement Administrator the Class List | On or before **February 14, 2023** |
| Last day for the Settlement Administrator to publish the Settlement Website and begin operating a toll-free telephone line, email address, and P.O. Box to accept inquiries from Settlement Class Members | On or before **March 3, 2023** |
| Settlement Administrator provides Notice to Settlement Class Members | On or before **March 3, 2023** |
| Last day for Settlement Class Counsel to file motion in support of Fees, Costs, and Expenses Award and apply for Service Payment | On or before April **12, 2023** |
| Last day for Settlement Class Members to file Claim Forms, object, or request exclusion from the Settlement Class | On or before **May 3, 2023** |

**IT IS SO ORDERED.**

                                                                s/Lydia Kay Griggsby

                                                                LYDIA KAY GRIGGSBY
                                                                United States District Judge